# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GARDNER DENVER, INC.,

                              Plaintiff,

vs.

ACCURATE AIR ENGINEERING,
INC., a California Corporation, JOHN
LAGUE, an individual, ATLAS COPCO
COMPRESSORS, LLC, a Delaware
limited liability company, and ATLAS
COPCO NORTH AMERICA, LLC, a
Delaware limited liability company,

                              Defendants.

GARDNER DENVER, INC.,

                              Plaintiff,

vs.

AIR PACIFIC COMPRESSORS,

                              Defendant.

Case No. 2:22-CV-04408-DSF (ASx)

**AMENDED PROTECTIVE ORDER**

**[DISCOVERY MATTER REFERRED
TO MAGISTRATE JUDGE ALKA
SAGAR]**

Before the Court is the Parties' Joint Motion for Amended Protective Order (ECF No. 120).  The Court, being duly advised of the premises, grants said motion for approval of the Parties' agreed Amended Protective Order (the "Order") as follows.

## 1. PURPOSES AND LIMITATIONS

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are designated and entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth  the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

## 2. GOOD CAUSE STATEMENT

This Action is alleged to involve trade secrets, customer lists, customer data, sales leads, customer orders, vendor information, employee data, financial information, costs of goods or services sold, or other costs of doing business, employee salaries, marketing plans, banking records, accounts payable, accounts receivable, financial statements, tax returns, escrow records, characteristics of proprietary products, financial performance data, product development information, business development strategies, pricing lists, formulas used for determining discounts, rebates, or other concessions, discount schedules and programs, product positioning policies for distributors, service manuals, wiring diagrams, technical drawings, quote forms and bid specifications, proprietary processes, competitive comparisons, competitive intelligence, confidential training documents, information protected by individual privacy rights, and other

valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Because the Action is partially a dispute between competitors in the same industry, a higher tier of confidential protection may be necessary for those documents that may be trade secrets or are otherwise highly sensitive and proprietary, as distribution to the officers, directors, employees, and House Counsel of the other Parties could severely prejudice the Designating Party, injure the Designating Party's business, and/or result in competitive advantage to the recipient. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order governing the disclosure and use of such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

    3.   <u>DEFINITIONS</u>

    3.1 <u>Action</u>: this pending federal lawsuit and the case entitled *Gardner*

*Denver, Inc. v. Air Pacific Compressors, Inc.*, Case No. 2:20-cv-00895 that was recently transferred from the United States District Court for the Eastern District of Wisconsin and which has now been consolidated by the Court through its November 2, 2022 Order (ECF No. 59).

3.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including but not limited to the information specified above in the Good Cause Statement.

3.4 <u>"CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.5 <u>CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" Information or Items</u>: the most sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party, especially a competitor, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.6 <u>Counsel</u>: Outside Counsel of Record, other outside counsel not formally of record, and House Counsel (as well as the respective support staff of all such counsel).

3.7 <u>Designating Party</u>: a Party or Non-Party that designates a Disclosure or Discovery Material as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY."

3.8 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, without limitation, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.9 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Outside Counsel of Record to serve as an expert witness or consultant in this Action.

3.10 <u>House Counsel</u>: attorneys who are employees of a party to this Action.

House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.11 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.12 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

3.13 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, Outside Counsel of Record (and their support staffs) and other outside counsel (and their support staffs).

3.14 <u>Producing Party</u>: a Party or Non-Party that produces a Disclosure or Discovery Material in this Action.

3.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY."

3.17 <u>Receiving Party</u>: a Party that receives a Disclosure or Discovery Material from a Producing Party.

4.     SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the Court. This Order does not govern the use of Protected Material at trial.

5.     DURATION

Even after final disposition of this litigation, the obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.     DESIGNATING PROTECTED MATERIAL

6.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case

development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.  Additionally, if a Non-Designating Party wishes to publicly file a document that is designated as Protected Material, the Non-Designating Party shall notify the Designating Party and give the Non-Designating Party a reasonable opportunity to consider whether to withdraw the designation in full or in part or reproduce the document to avoid the requirement to file it as Protected Material.

6.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in Section 6.2(a) of this Stipulated Protective Order, or as otherwise stipulated or ordered, a Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" (hereinafter "CONFIDENTIALITY Legend"), to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY." After the inspecting Party has identified the documents it

wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate CONFIDENTIALITY Legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material (1) on the record; or (2) within fourteen (14) days of receiving the transcript of the deposition. Until the expiration of this fourteen (14) day period, the entire transcript shall be treated as "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY." Notwithstanding the foregoing, if a Party in good faith believes it must confer with someone not authorized to review information designated in this manner before expiration of this fourteen (14) day waiting period, the Party shall advise all Outside Counsel of Record of the need and the Parties shall work in good faith to enable that review subject to the terms of this Stipulated Protective Order.

Parties shall ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at a deposition, hearing or other proceedings where material designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" will be used. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY." Any designations made to a transcript after a deposition (e.g., not on the record) shall be made in writing to Outside Counsel of Record by the Designating Party on or before the deadline stated in this Section 6.2(b).

(c) Parties shall give the other Parties reasonable notice if they expect a

deposition, hearing or other proceeding to include Protected Material.  However, lack of notice to the Receiving Party shall not constitute any waiver of the Designating Party's ability to designate the material as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY."

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate Confidentiality Legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected upon discovery, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation after the Designating Party's discovery of an inadvertent failure to designate, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.4 <u>Designation of Wisconsin Discovery</u>. This matter having been consolidated with *Gardner Denver, Inc. v. Air Pacific Compressors, Inc.*, No. 22-cv-7665-DAF-AS (the "Legacy Wisconsin Case"), the Parties agree that the Atlas Copco Defendants shall be given access to all discovery materials produced in the Legacy Wisconsin Case before its transfer to this Court. Production of all such discovery materials shall occur within ten (10) days of entry of this Stipulated Protective Order. The Parties shall treat designations made in the Legacy Wisconsin Case as if made in this action and hereafter this Stipulated Protective Order shall govern their use.  With respect to documents produced by Atlas Copco in response to the third-party subpoenas served in

the Legacy Wisconsin case, those documents shall be treated as if made in this action and hereafter this Stipulated Protective Order shall govern their use.

### 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with Section 6.2 above and the Court's Scheduling Order.

7.2 Meet and Confer. The Challenging Party shall first notify the Designating Party of the specific documents or portions of documents and of the bases for the challenge. The Designating Party may withdraw the designation.  Absent withdrawal of the designation, within fourteen (14) days of the challenge, the Challenging Party shall provide notice to the Designating Party of the Challenging Party's intent to initiate the informal discovery dispute resolution process set forth in the Court's Procedures and Schedules. *See* http://www.cacd.uscourts.gov/honorable-alka-sagar (Civil Procedures, Section 2).  The Challenging Party shall initiate that process by scheduling at least the first of two required meet and confer discussions within ten (10) days of providing notice (hereinafter "Initiate").  Should the Challenging Party fail to Initiate the informal dispute resolution process within ten (10) days of providing notice or, absent agreement between counsel for the Parties or order by the Court otherwise, should the Challenging Party fail to complete and submit the Request for Informal Discovery Conference within thirty (30) days of Initiating the process, the Challenging Party shall be deemed to have waived any objection or challenge to the designation. The failure of the Designating Party to reasonably cooperate with the Challenging Party in scheduling the required meet and confer discussions and/or completing the Request for Informal Discovery Conference or other required steps under the Court's informal discovery dispute resolution process shall not constitute a basis for waiver of any objection or challenge to the designation.

7.3 The burden of persuasion in any such challenge proceeding shall be on

the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expense and burden on a Party) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.   ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to

-10-

Be Bound" (Exhibit A);

(d) Other outside counsel for a Party not of record to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3 <u>Disclosure of "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action and other

-11-

outside counsel (subject to their having signed the "Acknowledgement and Agreement to be Bound" (Exhibit A)), as well as employees of said Outside Counsel of Record and other outside counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) A single House Counsel for each Party that signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A) as follows:

      1.  Gardner Denver, Inc.: Mark Siler

      2.  Atlas Copco Compressors, LLC: Mike Troisi

      3.  Atlas Copco North America, LLC: Mike Troisi

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.4 <u>Disclosure of "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action and other outside counsel (subject to their having signed the "Acknowledgement and Agreement to

be Bound" (Exhibit A)), as well as employees of said Outside Counsel of Record and other outside counsel to whom it is reasonably necessary to disclose the information for this Action;

        (b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c) the Court and its personnel;

        (d) court reporters and their staff;

        (e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

        (g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

        9.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

        If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" that Party must:

        (a) promptly notify in writing the Designating Party and include a copy of the subpoena or court order in the notification;

        (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order and include a copy of this Order in the notification; and

-13-

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. To the extent permitted by Federal Rules of Civil Procedure, the Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement

-14-

with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.   NON-WAIVER AND CLAW-BACK

(a)  If a Party asserts that a Disclosure or Discovery Material containing information subject to the attorney-client privilege, attorney work product doctrine, a common interest privilege, or any other legal prohibition against disclosure has been

-15-

inadvertently or erroneously disclosed, the disclosure **shall not** constitute a waiver by the Producing Party of the legal prohibition against disclosure for that document or for the subject matter disclosed provided that upon discovery of the inadvertent or erroneous disclosure the Producing Party provides timely notice as described below.

(b) Upon receipt by the Receiving Party of written notification from the Producing Party of the disclosure ("Notice of Recall"):

(1) The Receiving Party shall immediately (and no later than ten (10) days after receipt of the Notice of Recall or entry of a final order from the Court on a challenge to the claim of privilege or legal prohibition against disclosure, whichever is **earlier**) return, destroy, or sequester[1] (only in the event that the Receiving Party follows the procedures outlined in Paragraph 12(c) below) the Disclosure or Discovery Material in their possession, including any copies and summaries, and shall destroy or sequester any notes or work product concerning the document and the protected information therein. Unless and until otherwise ordered by the Court, the sequestered documents may **only** be referenced or used to challenge the Producing Party's privilege assertion; in no event shall the information contained therein be used for any other purpose, including but not limited to advancing the Party's claims on the merits or seeking affirmative relief. Electronic copies of recalled documents shall be removed or sequestered (in the event that the Receiving Party follows the procedures outlined in Section 12(c) below) from the Receiving Party's electronic systems or review databases;

(2) The Receiving Party also shall be responsible for immediately (and no later than ten (10) days after receipt of the Notice of Recall) taking reasonable steps to obtain and destroy all copies of recalled documents disseminated to third-parties, and certifying in writing to the Producing Party within ten (10) days that such reasonable steps

---

[1] The Parties agree that sequestration is only permissible if the Receiving Party complies with the requirements of Paragraph 12(c) below by submitting to the Producing Party a written notice identifying those documents with respect to which the Receiving Party challenges the privilege assertions and Initiates the informal dispute resolution process set forth in the Court's Procedures and Schedules. *See* http://www.cacd.uscourts.gov/honorable-alka-sagar.

to obtain or destroy all copies of recalled documents have been taken; and

(3) Except as permitted by Paragraph 12(b)(1), the Receiving Party shall not use, in any capacity or by any means, the Disclosure or Discovery Material therein once it receives a Notice of Recall unless and until it receives permission to do so through procedures outlined in Section 12(c) below.

(c) If the Receiving Party disagrees with the claim of privilege or legal prohibition against disclosure, the Receiving Party shall have ten (10) days from the date of receipt of the Notice of Recall to submit to the Producing Party a written notice identifying the Disclosure or Discovery Material with respect to which the Receiving Party challenges the assertions of privilege. If the Parties cannot resolve their disagreement as to any challenged Disclosure or Discovery Material, the Receiving Party shall Initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules. *See* http://www.cacd.uscourts.gov/honorable-alka-sagar.  While such dispute is pending, the challenged document, including any copies, summaries, notes, and work product concerning the document and the protected information therein, shall remain sequestered. Should the Receiving Party fail to Initiate the informal dispute resolution process within ten (10) days of the Notice of Recall or, absent agreement between counsel for the Parties or order by the Court otherwise, should the Receiving Party fail to complete and submit the Request for Informal Discovery Conference within thirty (30) days of Initiating the process, the Receiving Party shall be deemed to have waived any objection or challenge to the claim of privilege or legal prohibition against disclosure and shall immediately return or destroy the Disclosure or Discovery Material in their possession, including any copies and summaries, and shall destroy any notes or work product concerning the document and the protected information therein. Additionally, electronic copies of the Disclosure or Discovery Material shall be removed from the Receiving Party's electronic systems and review databases. The failure of the Producing Party to reasonably cooperate with the Receiving Party in scheduling the required meet and confer discussions and/or completing

the Request for Informal Discovery Conference or other required steps under the Court's informal discovery dispute resolution process shall not constitute a basis for waiver of any objection or challenge to the designation.

13.    <u>MISCELLANEOUS</u>

13.1 <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right they otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4 above, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this Section 14, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that

-18-

the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

DATED: December 13, 2023

_____/ s / Sagar_____

The Honorable Alka Sagar

United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Gardner Denver, Inc. v. Accurate Air Engineering, Inc., et al*., Case No. 2:22-cv-04408-DSF(ASx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____[print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:  _____

-20-